**In the Matter of William D. HAAN, Former Candidate for Judge of the Tippecanoe County Court 1.**

No. 79S00–9607–JD–479.

Supreme Court of Indiana.

March 12, 1997.

Ronald Elberger, Indianapolis, for Respondent.

Meg Babcock, Indianapolis, for Commission.

**DISCIPLINARY ACTION**

PER CURIAM.

The Indiana Commission on Judicial Qualifications and the Respondent have entered into and now tender for this Court's approval, a Statement of Circumstances and Conditional Agreement for Discipline.

The agreement arises out of a Notice of the Institution of Formal Proceedings and Statement of Charges filed July 9, 1996. Article 7 Section 4 of the Indiana Constitution and Rule 25 of the Indiana Admission and

Discipline Rules give this Court original jurisdiction over this matter.

The facts of this case are not in dispute and are set out in the Conditional Agreement. We summarize those facts as follows. Mr. Haan was a candidate for Judge of the Tippecanoe County Court 1 in the May, 1996 primary election. In March, 1996, Mr. Haan distributed campaign materials in which he pledged, if elected, to "stop suspending sentences" and to "stop putting criminals on probation."

Lawyers who are candidates for judicial office are governed by Canon 5 of the Code of Judicial Conduct. Canon 5A(3)(d)(ii) provides:

> (3) A candidate, including an incumbent judge, for judicial office:
>
> . . .
>
> (d) shall not:
>
> . . .
>
> (ii) make statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the court[.]

If elected as Judge of the Tippecanoe County Court, Mr. Haan would have exercised jurisdiction over Class D felonies and all misdemeanors. Ind.Code § 33–10.5–3–1(3). Suspension and/or probation of sentences is available under the Indiana Criminal Code for the criminal cases over which Mr. Haan would have exercised jurisdiction. A judge has a duty to consider requests for probation or suspension of sentences in accordance with the law and in light of any mitigating circumstances or evidence submitted in individual cases.

The parties agree that Mr. Haan's pledges committed him to the outcome of criminal cases in violation of Canon 5A(3)(d)(ii) and in a manner inconsistent with a judge's duties to impose sentences in accordance with the law and the evidence. Nothing less than the constitutional right to due process commands such an approach to a judge's duties[1]. There was nothing "innocuous" about such a pledge[2]. In effect, Haan's campaign materials promised the voters he would decide cases in his court without regard to evidence or applicable rules of law.

From the above agreed and undisputed facts, we accept the agreement of Respondent and the Commission that Respondent engaged in the charged misconduct. The parties agree that an appropriate sanction for the misconduct here is a public reprimand. The parties also agree that Mr. Haan immediately ceased distribution of the campaign materials upon being notified that he was in violation of Canon 5A(3)(d)(ii).

In light of the foregoing facts and finding of misconduct, this Court concludes that the Conditional Agreement for Discipline entered into by the parties should be approved and the agreed discipline, a public reprimand, should be and is hereby accepted.

Accordingly, Respondent William D. Haan is hereby REPRIMANDED for his misconduct in this case. This discipline terminates and forecloses all disciplinary proceedings relating to the circumstances giving rise to this cause.

Costs of this proceeding are assessed against Respondent.

---

1. *See* generally, Randall T. Shepard, *Campaign Speech: Restraint and Liberty in Judicial Ethics,* 9 Georgetown J. Legal Ethics 1059 (1996).

2. *See, e.g., Stretton v. Disciplinary Bd.,* 944 F.2d 137 (3rd Cir.1991); *Ackerson v. Kentucky Jud. Retirement & Removal Comm'n,* 776 F.Supp. 309 (W.D.Ky.1991); *In re Kaiser,* 111 Wash.2d 275, 759 P.2d 392 (1988) (all decisions affirming the value and validity of the Canon on campaign speech); *but see Buckley v. Ill. Jud. Inquiry Bd.,* 997 F.2d 224, 230 (7th Cir.1993) (appellate judge's "innocuous" campaign statements suggesting he would always rule against convicted rapists held protected by First Amendment).